UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| FOURSTAR GROUP USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | |
| FIVE BELOW, INC.; ) | |
| COOL NOVELTY PRODUCTS, INC., ) | |
| and SUPREME PARTY AND ) | |
| NOVELTIES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL
(Injunctive Relief Sought)

Plaintiff Fourstar Group USA, Inc. ("Fourstar") hereby sues defendants Five Below, Inc. ("Five Below"), Cool Novelty Products, Inc. ("Cool Novelty"), and Supreme Party and Novelties, Inc. ("Supreme Party"), (collectively, the "Defendants"), and alleges the following:

### NATURE OF THE ACTION

1. This is an action for money damages and injunctive relief to remedy Defendants' infringement of Fourstar's federally-registered copyright.

### THE PARTIES

2. Plaintiff Fourstar is a Delaware corporation with its principal place of business located in Milford, Massachusetts.

3. Defendant Five Below is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Five Below operates stores throughout the Commonwealth of Massachusetts, including stores located within the geographic area

1

encompassed by the Eastern Division of the United States District Court for the District of Massachusetts. This matter arises from infringing sales from those very stores.

4. Defendant Cool Novelty is an Illinois corporation with its principal place of business in Vernon Hills, Illinois.

5. Upon information and belief, Defendant Supreme Party is a corporation with a principal place of business in Vernon Hills, Illinois.

## JURISDICTION AND VENUE

6. This is an action for preliminary and permanent injunctive relief, other equitable relief, damages, profits, costs, expert fees, and attorneys' fees resulting from Defendants' infringing of Fourstar's rights granted under the Copyright Laws of the United States. This action is brought in particular pursuant to 17 U.S.C. § 501 *et seq.*

7. This Court possesses subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338, because this is an action by Fourstar under the Copyright Laws for Defendants' infringement of Fourstar's copyrights.

8. This Court possesses personal jurisdiction over Defendants because Defendants are each infringing Fourstar's federally protected copyright rights within this judicial district.

9. Venue properly lies in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and also properly lies under 28 U.S.C. § 1400(a), because this is a civil action arising under an act of Congress relating to copyrights and is a district in which the defendants or their agents reside or may be found.

## FACTS

10.	Fourstar specializes in the creation, development, and sourcing of products, including decorations, food and candy, general merchandise, and household goods, for sale in retail mass merchandisers.

11.	In connection with developing a new product line, Fourstar designed and authored holiday-themed artwork and sculpture titled "Christmas Solar," which artwork and sculpture was first published on March 25, 2011. Fourstar's Christmas Solar work includes artwork and sculpture titled "Solar Dancing Snowman" and "Solar Dancing Penguin" (collectively, "Fourstar's Artwork"). A photograph of Fourstar's Solar Dancing Snowman and Solar Dancing Penguin is attached as Exhibit "A" to this Complaint.

12.	On December 6, 2011, Fourstar obtained a Federal copyright, registration number VA 1-798-928, for Fourstar's Artwork (the "Fourstar Copyright"). True and accurate copy of the Certificate of Registration and the copyright deposit for the Fourstar Copyright is attached hereto as composite Exhibit "B."

13.	On December 19, 2012, Fourstar discovered that Supreme Novelty and Cool Novelty were selling products that infringe the Fourstar Copyright to Five Below, a mass retailer that, in turn, sells those infringing products to the public.

14.	Through means known to Supreme Novelty and Cool Novelty, but unknown to Fourstar, Supreme Novelty and Cool Novelty had acquired one or more copies of Fourstar's products bearing Fourstar's Artwork.

15.	Supreme Novelty and Cool Novelty, or persons acting at their direction, imported and have advertised, marketed, and sold products called Solar Wacky Wavers™, which products use Fourstar's Artwork ("Noveltys' Infringing Products").

16. Specifically, the designs of Noveltys' Infringing Products feature exact replicas of Fourstar's Solar Dancing Snowman and Solar Dancing Penguin.

17. Noveltys' Infringing Products even bear Fourstar's copyright notice "©2011 FSG." Moreover, the packaging and store displays for Noveltys' Infringing Products also feature Fourstar's Solar Dancing Snowman and Solar Dancing Penguin. A photograph of Noveltys' Infringing Products is attached to this Complaint as Exhibit "C."

18. Noveltys' Infringing Products are being sold by Five Below and, upon information and belief, other mass retailers.

19. Fourstar has not authorized or otherwise consented to Supreme Novelty, Cool Novelty, or Five Below copying, advertising, marketing, selling, distributing, or using Fourstar's Artwork.

20. Supreme Novelty, Cool Novelty, and Five Below's activities in connection with Noveltys' Infringing Products constitute infringement of Fourstar's Artwork.

21. Upon information and belief, the infringement of Fourstar's Artwork by Supreme Novelty, Cool Novelty, and Five Below is willful and deliberate, and will continue unless enjoined by this Court.

22. Fourstar has suffered irreparable injury and has been damaged by the infringing activities of Supreme Novelty, Cool Novelty, and Five Below, and will suffer continued damages and irreparable injury unless such infringing actions are enjoined by this Court.

23. Fourstar has no adequate remedy at law to prevent the injuries caused by the continuing willful infringement by Supreme Novelty, Cool Novelty, and Five Below.

24. Given the clear and willful infringement by Supreme Novelty, Cool Novelty, and Five Below of Fourstar's Artwork, Fourstar will likely prevail on the merits of this action.

25. The balance of the hardships and public interest require that Supreme Novelty, Cool Novelty, and Five Below immediately cease their infringing activities.

26. Fourstar has retained the law firms of Conn Kavanaugh Rosenthal Pusch & Ford, LLP and Fee & Jeffries, P.A. to vindicate its rights against Supreme Novelty, Cool Novelty, and Five Below, and Fourstar is obligated to pay its attorneys reasonable attorneys' fees for their services.

27. All conditions precedent to the maintenance of this action have occurred, been performed, or have been excused or waived.

## COUNT I
### *FEDERAL COPYRIGHT INFRINGEMENT*

28. Fourstar realleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if set forth fully herein.

29. Fourstar owns the interest and title to the Fourstar Artwork and the Fourstar Copyright.

30. The Defendants had access to the Fourstar Artwork protected by the Fourstar Copyright and are disseminating and using Noveltys' Infringing Products, which are substantially similar to the Fourstar Artwork, without Fourstar's permission or consent.

31. The dissemination and use of Noveltys' Infringing Products constitutes willful infringement of the Fourstar Copyright in violation of 17 U.S.C. § 501.

32. As a result of the infringement of the Fourstar Copyright by Defendants, Fourstar has suffered and continues to suffer damages, and is entitled to all remedies provided by Chapter 5 of Title 17, United States Code.

WHEREFORE, Fourstar respectfully request this Court to:

A. Enter judgment in its favor and severally against defendants, Supreme Novelty, Cool Novelty, and Five Below;

B. Award to Fourstar and severally against the Defendants:

    (1) Fourstar's actual damages,

    (2) the Defendants' profits,

    (3) statutory damages, as an alternative to Fourstar's actual damages and the Defendants' profits,

    (4) the attorneys' fees, expert fees, and costs incurred by Fourstar as a result of the Defendants' infringement of Fourstar's Copyright;

C. Preliminarily and permanently enjoin each of the Defendants from further infringing, or in any way benefiting from their past infringement of, Fourstar's Copyright, specifically including but not limited to enjoining the advertising, marketing, disseminating, selling, and offering for sale the Solar Wacky Wavers™; and

D. Grant Fourstar all additional relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Fourstar hereby demands a trial by jury on all issues so triable.

Dated: December 21, 2012

Respectfully submitted,

FOURSTAR GROUP USA, INC.
By its attorneys,

/s/ James Gray Wagner
James Gray Wagner (BBO# 555645)
Erin D. Wolf (BBO# 664370)
CONN KAVANAUGH ROSENTHAL
   PEISCH & FORD, LLP
Ten Post Office Square
Boston, Massachusetts 02109
(617) 482-8200
(617) 482-6444 (Facsimile)
jwagner@connkavanaugh.com
ewolf@connkavanaugh.com

AND

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida  33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com

*OF COUNSEL*

770463.1